UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARMEL L. TEAGUE, #185474,

        Petitioner,

                              CASE NO. 2:22-CV-10250

v.                            HONORABLE DENISE PAGE HOOD

CHRISTOPHER SWANSON,

        Respondent.

_____/

**<u>OPINION & ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, & DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

**I.    Introduction**

Sharmel L. Teague ("Petitioner"), a pre-trial detainee confined at the Genesee County Jail in Flint, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] challenging his pending state criminal proceedings. Petitioner is charged with first-degree murder and possession of a firearm during the commission of a felony. *See* Register of Actions, Genesee Co. Cir. Ct. No. 20-046860-FC, http://www.co.genesee.mi.us/

---

[1] The statute applicable to a pretrial detainee who seeks federal habeas relief is 28 U.S.C. § 2241. *Winburn v. Nagy*, 956 F.3d 909, 911 (6th Cir. 2020) (citing *Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019)). Accordingly, the Court shall construe the petition as one brought under that provision. The Court notes, however, that the Rules Governing Section 2254 Cases, including the screening requirement of Rule 4, apply to § 2241 petitions. *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

roaccsinq/ROACase.aspx?CASE= 20046960&CASETYP =FC&FILENAME =C021073325&RtnForm-frmDefault (accessed Feb. 10, 2022).  In his pleadings, which contain few facts, Petitioner seems to challenge the state court's authority, jurisdiction, and procedures, as well as his continued confinement.  He raises claims concerning the lack of a grand jury/failure to obtain a bill of indictment, his due process rights and the state court's alleged lack of jurisdiction/authority to rule on federal issues, his 13th Amendment rights not to be enslaved and placed in involuntary servitude, and his 5th and 14th Amendment rights and the legality of his arrest, charges and confinement.  For the reasons set forth herein, Court dismisses without prejudice the habeas petition, denies a certificate of appealability, and denies leave to proceed in forma pauperis on appeal.

**II.     Discussion**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminarily review of a federal habeas case and to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  If, after initial consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition.  *See* Rule 4, Rules Governing § 2254 Cases; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty

to "screen out" petitions that lack merit on their face). Cases subject to dismissal under Rule 4 include those that raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

A state pretrial detainee may bring a habeas action in federal court pursuant to 28 U.S.C. § 2241 to demand enforcement of the state's affirmative constitutional obligation to bring him promptly to trial or to raise double jeopardy issues, but may not generally seek habeas relief to forestall state prosecution altogether. *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489-91 (1973); *Christian v. Wellington*, 739 F.3d 294, 298 (6th Cir. 2014). In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that, absent extraordinary circumstances, a federal court may not enjoin pending state criminal prosecutions. The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986) (internal quotations omitted); *see also Doe v. University of Ky.*, 860 F.3d 365, 368 (6th Cir. 2017) (citing *Younger*, 401 U.S. at 44, and stating that "*Younger* abstention derives from a desire to prevent federal courts from interfering with the

functions of state criminal prosecutions and to preserve equity and comity").

While 28 U.S.C. § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. *Christian*, 739 F.3d at 298; *Atkins v. People of the State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981). A federal court must abstain from enjoining a state criminal proceeding if: (1) the state proceeding is ongoing; (2) an important state interest is implicated; and (3) the petitioner has an adequate opportunity in the state judicial proceeding to raise constitutional challenges. *Middlesex Co. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Hill v. Snyder*, 878 F.3d 193, 206 (6th Cir. 2017) (quoting *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006)); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996).

The three factors that support *Younger* abstention are present in this case. First, as acknowledged by Petitioner, there is an ongoing state criminal prosecution pending in the Genesee County Circuit Court. *See Nimer v. Litchfield Twp. Bd. of Trustees*, 707 F.3d 699, 701 (6th Cir. 2013). In that proceeding, the court has arraigned Petitioner, conducted multiple hearings, and another pretrial hearing is scheduled for February 28, 2022. *See* Register of Actions, *supra*. Second, state

criminal proceedings clearly involve important state interests. *Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000); *see also Younger*, 401 U.S. at 50.. Third, despite Petitioner's conclusory and incorrect allegations to the contrary, the state court proceedings provide an adequate opportunity for him to raise any federal constitutional challenges. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 16 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."); *Kelm v. Hyatt*, 44 F.3d 415, 421 (6th Cir. 1995). If he does so, and the state trial court denies or otherwise fails to consider his claims, Petitioner may pursue an appeal and/or seek collateral review in the state courts as provided by Michigan law.

Abstention is appropriate unless of one of the three exceptions to the *Younger* abstention doctrine applies. Those exceptions are: (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975), (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611), or (3) there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v.*

*Helfant*, 421 U.S. 117, 125 (1975). These exceptions are interpreted narrowly. *Zalman*, 802 F.2d at 205.

Additionally, even if extraordinary circumstances exist to warrant federal court intervention in an ongoing state criminal prosecution, a petitioner must exhaust all available state court remedies before seeking federal habeas relief. *See Braden*, 410 U.S. at 490; *Phillips v. Hamilton Co. Ct. of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012); *Atkins*, 644 F.2d at 546.

In this case, Petitioner fails to allege facts which show that any of the exceptions to *Younger* abstention applies and fails to demonstrate that extraordinary circumstances warrant this Court's intervention in his state criminal case. Petitioner neither alleges nor establishes that he exhausted available state court remedies before seeking federal habeas relief. This habeas action is therefore premature and must be dismissed.

### III. Conclusion

For the reasons stated, the Court concludes that Petitioner's challenge to his ongoing state criminal proceedings and current confinement in state custody is premature and that he is not entitled to federal habeas relief at this time.

Accordingly,

IT IS ORDERED that the Court **DISMISS WITHOUT PREJUDICE** the

6

petition for a writ of habeas corpus. The Motions to Recuse the trial judge (ECF Nos. 3, 6) are **DENIED as MOOT**.

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b); *see also Winburn v. Nagy*, 956 F.3d 909. 911-912 (6th Cir. 2020) (holding that a state pre-trial detainee must obtain a certificate of appealability to appeal the denial of a § 2241 habeas petition). A certificate of appealability may issue only if a habeas petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*. Petitioner makes no such showing. Reasonable jurists would not find the Court's procedural ruling debatable. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken

in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal. This case is closed.

**IT IS SO ORDERED**.

s/Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

Dated: January 30, 2023